Jeffrey Ames HUGHES,
Petitioner-Appellee,

v.

James MATHEWS, Warden,
Respondent-Appellant.

No. 77–2010.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 24, 1978.
Decided May 12, 1978.
As Amended June 6, 1978.

Pamela Magee-Heilprin, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for respondent-appellant.

Charles Bennett Vetzner, Post-Conviction Defense Project, Madison, Wis., for petitioner-appellee.

Before CASTLE, Senior Circuit Judge, and SWYGERT and WOOD, Circuit Judges.

CASTLE, Senior Circuit Judge.

This appeal from the granting of a writ of habeas corpus to a state prisoner presents the general problem of integrating the disciplines of law and psychiatry in a usable, if not precise, manner. The particular questions to be resolved are: (1) whether a rebuttable presumption that a person intends the probable consequences of his acts coupled with an exclusion of all psychiatric evidence offered to show lack of capacity to form intent, unconstitutionally relieves the prosecution of proving the intent element of the crime; and (2) whether an evidentiary rule excluding psychiatric testimony on the issue of specific intent, by itself, is impermissible. Finding that both questions must be answered in the positive, we affirm.

I.

The facts are stated in detail in the Wisconsin Supreme Court opinion, *Hughes v. State*, 68 Wis.2d 159, 227 N.W.2d 911 (1975), and will be briefly summarized here. After a period of marital difficulties, petitioner and his wife, Jacquelin Hughes, entered into a formal separation agreement and divorce proceedings were commenced. In the early morning hours of February 25, 1973, following a telephone argument regarding petitioner's scheduled visitation with his five-year-old daughter, petitioner broke into the house of his wife's parents, Mr. and Mrs. Gross, where his wife and daughter were staying. Mrs. Gross escaped to the home of a neighbor and telephoned Mr. Gross, who was at work, and the police. After the neighbor, Mr. Kasprzak, went to the Gross house to attempt to calm the petitioner, Mrs. Gross heard two loud noises. When the police arrived, they found petitioner with his daughter in the living room and Mrs. Hughes and Mr. Kasprzak dead of gunshot wounds in the basement.

Petitioner was charged with two counts of first-degree murder and, under Wisconsin's bifurcated trial system, he pleaded not guilty and not guilty by reason of mental disease or defect.[1] Prior to the trial, petitioner was examined by court-appointed psychiatrists. Upon receiving the psychiatric report, petitioner withdrew his plea of not guilty by reason of mental disease or defect and proceeded only upon the not guilty plea. As explained by his counsel at the pretrial conference, it was petitioner's theory of defense that he lacked the requisite specific intent for first-degree murder and was guilty only of second-degree murder.[2] (Tr. 25, 71.) At trial, after the close of the state's case, petitioner called a psychiatrist to testify regarding petitioner's mental state at the time of the act. The trial court granted the prosecutor's motion to exclude the psychiatrist's testimony and the defense made the following offer of proof:

1. Wis.Stats. § 971.175 (1975):

**971.175 Sequential order of proof.** When a defendant couples a plea of not guilty with a plea of not guilty by reason of mental disease or defect, there shall be a separation of the issues with a sequential order of proof before the same jury in a continuous trial. The guilt issue shall be heard first and then the issue of the defendant's mental responsibility. The jury shall be informed of the 2 pleas and that a verdict will be taken upon the plea of not guilty before the introduction of evidence on the plea of not guilty by reason of mental disease or defect. This section does not apply to cases tried before the court without a jury.

2. Wis.Stats. § 940.01 (1975):

**940.01 First-degree murder.** (1) Whoever causes the death of another human being with intent to kill that person or another shall be sentenced to life imprisonment.
(2) In this chapter "intent to kill" means the mental purpose to take the life of another human being.

Wis.Stats. § 940.02 (1975):

**940.02 Second-degree murder.** Whoever causes the death of another human being by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, may be imprisoned not less than 5 nor more than 25 years.

If Dr. Kevin Kennedy were called as a witness . . . he would testify that at the time, [defendant] was suffering from a depraved mind and that he was, in forensic psychiatry, termed an antisocial personality or a psychopath, and that an abnormal mental condition prevented him from forming the specific intent to kill.

(Tr. 548–549.) The defense offered no other evidence and, after being given instructions, including one regarding the legal presumption of intent, the jury found the petitioner guilty on both counts. The court imposed two consecutive life sentences.

The Wisconsin Supreme Court subsequently affirmed petitioner's conviction. *Hughes v. State, supra.* The Wisconsin opinion, in relevant part, rejected petitioner's argument that since specific intent is an element of first-degree murder, psychiatric evidence must be admitted to enable a defendant to rebut the legal presumption that a person intends the natural and probable consequences of his acts. In so deciding, the Wisconsin Supreme Court cited several of its prior decisions[3] which held that psychiatric evidence was admissible only on the issue of insanity.

Petitioner then filed for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. After examining established Wisconsin policy against admitting psychiatric evidence on intent, the district court granted the writ. *Hughes v. Mathews,* 440 F.Supp. 1272 (E.D.Wis.1977). The state brought this appeal.

**3.** The court cited *Muench v. State,* 60 Wis.2d 386, 210 N.W.2d 716 (1973); *State v. Anderson,* 51 Wis.2d 557, 187 N.W.2d 335 (1971); *State v. Hebard,* 50 Wis.2d 408, 184 N.W.2d 156 (1971); *Curl v. State,* 40 Wis.2d 474, 162 N.W.2d 77 (1968), *cert. denied* 394 U.S. 1004, 89 S.Ct. 1601, 22 L.Ed.2d 781 (1969).

**4.** The texts of both §§ 940.01 (first-degree murder) and 940.02 (second-degree murder) are set forth in note 2 *supra.* Wisconsin also provides for third-degree murder where the homicide is committed during a felony. Wis.Stats. § 940.03 (1975).

**5.** In *Carlson,* the defendant's conviction of arson and third-degree murder was affirmed since the Wisconsin Supreme Court found no

## II.

■ We begin by examining several aspects of Wisconsin law relevant to our inquiry. First, Wisconsin statutes provide for first- and second-degree murder[4] which are distinguished only by the degree of intent required for conviction. One who causes the death of another by conduct "evincing a depraved mind" is guilty only of second-degree murder since he

has a general intent to do the acts and the consciousness of the nature of the acts and possible result but lacks the specific intent to do the harm.

*State v. Weso,* 60 Wis.2d 404, 411–12, 210 N.W.2d 442, 446 (1973). *See also Wagner v. State,* 76 Wis.2d 30, 48, 250 N.W.2d 331, 341 (1977) (intent to kill is not an element of second-degree murder).

■ Second, Wisconsin has established a rebuttable presumption of intent: "[t]he law presumes a person intends the natural and probable consequences of his own acts but the presumption may be rebutted." *State v. Carlson,* 5 Wis.2d 595, 604, 93 N.W.2d 354, 359 (1958).[5] *See also State v. Wells,* 51 Wis.2d 477, 483–84, 187 N.W.2d 328, 331 (1971), *cert. denied,* 406 U.S. 907, 92 S.Ct. 1614, 31 L.Ed.2d 817 (1972). In the present case, the state trial court instructed the jury on the presumption of intent: "when there are no circumstances to prevent or rebut the presumption, the legal and natural presumption is that death was intended." (Wis. J.I.—Crim. 1100.)

Finally, as noted above, Wisconsin provides for a bifurcated trial system when a

error in excluding medical testimony of an organic brain abnormality. That testimony by itself, the court stated, suggested no reason why the defendant could not form intent to commit the crime nor rebutted the presumption of intent. 5 Wis.2d at 607, 93 N.W.2d at 360. In the present case, the trial court excluded the proffered evidence, and the State Supreme Court upheld the exclusion, without a preliminary finding that the testimony would not be helpful in determining whether the petitioner had the capacity to form specific intent. A bona fide finding that the particular psychiatric evidence was not helpful might have made the exclusion permissible. *See* note 24, *infra.*

defendant pleads not guilty and not guilty by reason of mental disease or defect.[6] This section effectuates Wis.Stats. § 971.15 (1975) which establishes and defines the insanity defense in accordance with §§ 4.01 and 4.03 of the American Law Institute's Model Penal Code (ALI–MPC).[7] Significantly, ALI–MPC § 4.02, which specifically provides for admissibility of evidence regarding mental disability whenever such evidence was relevant to the state of mind element of the offense, was not enacted by the Wisconsin legislature. The rejection of § 4.02, the mandatory language of § 971.175 regarding the sequential order of proof, and several public policy considerations, led the Wisconsin Supreme Court to refuse to admit psychiatric testimony on the issue of intent during the guilt portion of a bifurcated trial. *See Sprague v. State*, 52 Wis.2d 89, 187 N.W.2d 784 (1971) *and* cases cited note 3 *supra*. This rule excluding psychiatric evidence on the issue of intent was extended to single stage trials, where no insanity defense was raised, in *Muench v. State, supra* note 3, and was reaffirmed in *Hughes v. State, supra*.[8]

### III.

Given this factual and state law background, we consider first the validity of Wisconsin's instruction on presuming intent where the presumption cannot be rebutted by psychiatric evidence that the defendant lacked specific intent. The Supreme Court has held that all elements of a crime must be proven by the prosecution beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). *See also Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (state must prove criminal intent to convict defendant of murder). A conclusive presumption which relieves the state of its duty to prove all elements of the crime beyond a reasonable doubt is, therefore, unconstitutional. *See Morrissette v. United States*, 342 U.S. 246, 275, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

In Wisconsin, specific intent to kill is an element of first-degree murder and is the sole factor which distinguishes that crime from second-degree murder. The district court reasoned that by instructing the jury that all persons are presumed to have intended the consequences of their acts unless facts or circumstances rebut the presumption and then prohibiting the petitioner from presenting those facts, Wisconsin constructed an irrebuttable presumption of

6. See Wis.Stats. § 971.175 (1975) which is set out in note 1 *supra*. This section codifies the rule of *State ex rel. LaFollette v. Raskin*, 34 Wis.2d 607, 150 N.W.2d 318 (1967) and represents the latest stage of Wisconsin's long history of experimentation with the concept of trying the issues in sequence when an insanity plea is coupled with a plea of not guilty. *See* Note, *Criminal Law—First Degree Murder—Evidence of Diminished Capacity Inadmissible To Show Lack Of Intent*, 1976 Wis.L.Rev. 623, 634–35 [hereinafter cited as Wisconsin Note].

7. Wis.Stats. § 971.15 (1975) provides:
 **971.15 Mental responsibility of defendant.**
 (1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacked substantial capacity either to appreciate the wrongfulness of his conduct or conform his conduct to the requirements of law.
 (2) As used in this chapter, the terms "mental disease or defect" do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.
 (3) Mental disease or defect excluding responsibility is an affirmative defense which

the defendant must establish to a reasonable certainty by the greater weight of the credible evidence.

8. It is interesting to note that the first of the five Wisconsin Supreme Court cases preceding the present case, *Curl v. State, supra* note 3, overruled *Hempton v. State*, 111 Wis. 127, 135, 86 N.W. 596, 598 (1901) which expressly found evidence of an abnormal mental condition to be "material upon the general issue of not guilty."

We also note, by way of clarification, that petitioner here is seeking to introduce psychiatric testimony to support his theory of "diminished capacity" to form specific intent rather than to support a defense of "diminished responsibility." *See* Arenella, *The Diminished Capacity and Diminished Responsibility Defenses: Two Children of a Doomed Marriage*, 77 Colum.L.Rev. 827 (1977) [hereinafter cited as Arenella]. Although the title of the above article characterizes diminished capacity as a "defense," we view the petitioner's attempts here as being directed toward disproving an element of the crime of first-degree murder.

intent which improperly relieved the prosecution of the burden of proving that element of the crime. *Hughes v. Mathews, supra* at 1275.

■ In response, the State argues that the petitioner was free to rebut the presumption by introducing other evidence, such as that showing mistake or accident, which would negate specific intent. The State, citing *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) and *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), maintains that it has merely chosen not to recognize the defense of lack of capacity to intend which is within its legitimate power over the criminal process. However, these cases are clearly inapplicable since they merely recognize the right of the state to shift the burden of persuasion to the defendant on affirmative defenses to crimes. Specific intent to kill is an "element" of first-degree murder in Wisconsin, *Wagner v. State, supra,* and is not a "defense" to the crime. While a state has the power, within constitutional limits, to define its crimes as it wishes, once it has stated what combination of factors constitutes a crime it must prove each of them beyond a reasonable doubt.[9] Thus, the district court was correct in holding that by instructing the jury to presume intent if not rebutted, and by excluding psychiatric evidence offered to rebut the presumption, Wisconsin set up a conclusive presumption which unconstitutionally relieved the prosecution of the burden of proving the element of specific intent beyond a reasonable doubt.

## IV.

■ Were this simply a case where a jury instruction on presuming intent improperly left the jury with the impression that the petitioner had the burden of persuasion to disprove an element of the crime, we would be satisfied to affirm the writ of habeas corpus and send the case back to the state courts for a new trial with directions to avoid the suspect instructions.[10] However, the constitutional error present in the Wisconsin procedure is not merely the result of a rebuttable presumption becoming improperly conclusive when combined with a valid exclusionary rule. The exclusion of psychiatric evidence offered to show that the petitioner lacked the capacity to form specific intent to kill the two victims, is, by itself, constitutionally infirm.

■ While a conclusive presumption which establishes an element of the crime is considered violative of due process because it relieves the prosecution of the burden of proving each element beyond a reasonable doubt, *In re Winship, supra,* the right of a defendant to present evidence is a right which has independent status under the sixth and fourteenth amendments.[11] *Washington v. Texas*, 388 U.S. 14, 18–19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) (state defendant has sixth amendment right to obtain witnesses); *Chambers v. Mississippi*, 410

**9.** We note that there are semantical difficulties in distinguishing between what is an element and what is a defense. The Supreme Court in *Patterson v. New York, supra,* discussed the problem of states defining their crimes in such a way as to relabel facts which were historically "elements" so that they become "defenses" which must be proved by the defendant. *Id.* 432 U.S. at 210, 97 S.Ct. 2319. In the present action, while terming the lack of capacity to intend a "defense," the state does not dispute its obligation to prove intent. Thus, this case is not as close as *Patterson v. New York, supra.* It is true that by showing lack of capacity to have specific intent, petitioner would be presenting what is referred to as a "defense." However, what he actually is doing is attempting to disprove an element of the crime, not prove a defense. The propriety of excluding the petitioner's evidence will be examined in Part IV, *infra.*

**10.** Indeed, the State has advised us that the Wisconsin Uniform Criminal Jury Instructions Committee has adopted a new instruction regarding the intent element of first-degree murder and other intent cases designed to avoid the presumption. App. 122.

**11.** It can also be argued that the right of a defendant to present evidence is a corollary of the right to have all elements of the crime proven by the prosecution. This follows since, presumably, the more favorable evidence an accused presents to the court, the more difficult is the prosecution's task of proving guilt beyond a reasonable doubt.

U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (strict application of state evidentiary rules to exclude defendant's evidence violated due process). In *Chambers*, the Court declared:

> The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the state's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process.

*Id.* at 294, 93 S.Ct. at 1045. *See also Webb v. Texas,* 409 U.S. 95, 98, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972) (trial judge's intimidating remarks drove defense witness off the stand and thereby violated defendant's due process rights).[12]

A defendant's right to present evidence is violated where "the State has recognized as relevant and competent the testimony of this type of witness, but has arbitrarily barred its use by the defendant." *Washington v. Texas, supra* 388 U.S. at 25, 87 S.Ct. at 1926 (Harlan, J., concurring). *See also People v. Wells,* 33 Cal.2d 330, 202 P.2d 53, 62–63, *cert. denied,* 338 U.S. 836, 70 S.Ct. 43, 94 L.Ed. 510 (1949). Consequently, in deciding whether this due process standard was met in petitioner's trial, we will first determine whether the evidence offered by the defense is relevant; second, determine whether the evidence is competent; and third, if the evidence is found to be both relevant and competent, examine the reasons for the rule excluding the evidence to determine if the rule is arbitrary.[13]

**A. Relevance of Psychiatric Testimony.**

First we must determine if the psychiatric evidence offered is relevant at a first-degree murder trial in Wisconsin. Under Wisconsin law, Wis.Stats. § 904.01 (1975), relevant evidence is both material and probative. That is, evidence is relevant when it pertains to a fact in issue and has a tendency to prove or disprove that fact.[14] Since the degree of intent is particularly in issue when distinguishing between first- and second-degree murder in Wisconsin, one would assume that psychiatric testimony regarding petitioner's mental state would pertain to and have some bearing on the resolution of the issue.[15] We note first that

---

**12.** The State relies on *Fisher v. United States,* 328 U.S. 463, 66 S.Ct. 1318, 90 L.Ed. 1382 (1946) which held that the defendant in a first-degree murder case was not entitled to an instruction, under Washington, D.C. law, that the jury should consider his abnormal personality in determining intent and premeditation. We agree with the district court and the D.C. Circuit that *Fisher* did not deal with the constitutional question involved here. *See United States v. Brawner,* 153 U.S.App.D.C. 1, 471 F.2d 969, 999–1002 (1972). Also, in contrast to the present case, the defendant in *Fisher* was permitted to introduce all psychiatric testimony he offered. 328 U.S. at 467, 66 S.Ct. 1318.

**13.** Given the state's power over its criminal process, we look to state law to determine the relevance and competence of the evidence. *See Irvine v. California,* 347 U.S. 128, 134, 74 S.Ct. 381, 98 L.Ed. 561 (1953). However, just as a state may not exclude relevant and competent evidence arbitrarily, it may not arbitrarily classify evidence to be irrelevant or incompetent. *Cf. Patterson v. New York, supra* 432 U.S. at 210, 97 S.Ct. 2319.

In *Washington v. Texas, supra,* the Supreme Court mentioned several state rules which presumably would meet the constitutional test. For example, state rules may exclude relevant and competent evidence if the exclusion is based upon nonarbitrary considerations such as with the testimonial privileges of lawyer-client and husband-wife. 388 U.S. at 23 n. 21, 87 S.Ct. 1920. Also, rules which exclude relevant evidence which is not competent are permissible; *i. e.,* rules disqualifying witnesses who are infants or otherwise mentally or physically incapable of observation and testimony. *Id.*

**14.** We note that the prosecutor here conceded the relevance of the psychiatric testimony in his argument to the trial court in support of excluding the evidence:

> We do not dispute in any way that perhaps expert testimony on the question of mental responsibility would have been or would be of assistance in resolving the subjective question. . . .

(Tr. 540–41.) While we find this concession to be an indication of state law, we feel compelled to analyze the relevancy question in greater detail to ascertain Wisconsin law.

**15.** Psychiatric testimony has been considered relevant to the issue of intent by this and other circuits. *E. g., United States v. Staggs,* 553 F.2d 1073, 1076 (7th Cir. 1977); *United States v. Demma,* 523 F.2d 981, 986–87 (9th Cir. 1975)

while Wisconsin has held that proof of insanity is not proof that defendant lacks the capacity to intend, *State v. Hebard, supra* note 3, 50 Wis.2d at 420, 184 N.W.2d at 163, it would be consistent to admit that psychiatric evidence which does not prove insanity might raise a reasonable doubt as to whether a defendant did or could form specific as opposed to general intent.[16] In addition, we note that Wisconsin has viewed psychiatric testimony to be "highly relevant" on the issue of competency to stand trial under Wis.Stats. § 971.14 (1975), *State ex rel. Haskins v. Dodge County Court*, 62 Wis.2d 250, 266, 214 N.W.2d 575, 583 (1974), and relevant on the issue of intent to kill. *King v. State*, 75 Wis.2d 26, 43, 248 N.W.2d 458, 467 (1977).[17] Thus, we conclude that in Wisconsin psychiatric testimony is relevant evidence on issues regarding a defendant's mental state including the question of whether the defendant had the capacity to form specific as opposed to general intent.[18]

## B. Competence of Psychiatric Testimony.

The second inquiry is whether psychiatric testimony is competent evidence in Wisconsin. Assuming the individual qualifications of the psychiatrist were proper, we believe the question of competence involved in this case is whether Wisconsin recognizes psychiatric testimony as trustworthy evidence of mental state. *See generally* McCormick On Evidence, §§ 61–71 (2d ed. 1972).

The State argues that the Wisconsin Supreme Court and the state legislature have expressed their distrust of psychiatric evidence and prohibited its admissibility on the issue of intent. *See, e. g., Curl v. State, supra* note 3 and the rejection of ALI–MPC § 4.02 noted in Part II of this opinion. *Curl v. State, supra*, stated that the reason for excluding psychiatric evidence on the intent issue was a lack of belief in the ability of psychiatry to define the degree of mental abnormality less than insanity. 40 Wis.2d at 485–86, 162 N.W.2d at 83. In response to the State's argument, we first question the validity of a system which views psychiatric testimony as trustworthy evidence as to whether a person is mentally capable of appreciating the wrongfulness of his conduct but untrustworthy to express an opinion regarding a person's mental capacity to form specific intent to kill when such testimony is the only relevant evidence available.[19] More importantly, however, we in-

(en banc); *United States v. Brawner, supra* note 12 at 999. *See also Patterson v. New York, supra* 432 U.S. at 206, 97 S.Ct. 2319.

**16.** In *State v. Hebard*, the Wisconsin Supreme Court criticized *State v. Shaw*, 106 Ariz. 103, 471 P.2d 715, 721 (1970), for holding unconstitutional the Arizona bifurcated trial system which was similar to that in Wisconsin. Specifically, *Hebard* disagreed with the Arizona Court's conclusion that an insane individual would not be able to form intent. *State v. Hebard, supra* note 3, 50 Wis.2d at 420, 184 N.W.2d at 162. This criticism does not logically preclude Wisconsin from admitting that psychiatric evidence pertains to the issue of a defendant's state of mind.

**17.** The State suggests *King* did not present the same issue we confront in this case since there the defendant was permitted to introduce psychiatric testimony of his non-aggressiveness toward others as character evidence to support his theory of accident. While the distinction between permitting psychiatric testimony as character evidence and excluding the same testimony on the issue of mental state is subtle at best, we agree that *King* is not alone dispositive of the relevancy of psychiatric testimony

since the Wisconsin Supreme Court did not deal directly with the relevancy of such evidence to prove lack of capacity to form intent.

**18.** *But see Curl v. State, supra* note 3, 40 Wis.2d at 485, 162 N.W.2d at 83 (mental abnormality not amounting to legal insanity is not a "relevant factor in the determination of guilt. . . .") Examination of the *Curl* opinion convinces us that the Wisconsin objections to psychiatric testimony relate to the competence of the evidence and public policy considerations rather than the "relevance" of such evidence. We shall discuss the competency of psychiatric evidence and the state's policy justifications below.

**19.** *See* note 13 *supra*. The statement in *United States v. Brawner, supra* note 12 at 999 is particularly relevant here:

Neither logic nor justice can tolerate a jurisprudence that defines the elements of an offense as requiring a mental state such that one defendant can properly argue that his voluntary drunkenness removed his capacity to form the specific intent but another defendant is inhibited from a submission of his

terpret *Curl v. State, supra,* as stating that the true reason for excluding psychiatric evidence on the issue of intent in Wisconsin courts is the fear that persons who are legally sane will escape punishment. 40 Wis.2d at 485–86, 162 N.W.2d at 83. This is more of a justification for excluding competent evidence than a reason why the evidence is incompetent.

 The best indication that Wisconsin views psychiatric testimony as competent evidence is its use in other parts of the criminal proceeding. It is admitted on the question of insanity during the second stage of a bifurcated trial. *See* cases cited note 3 *supra.* Psychiatric testimony is also used to determine if the accused has the capacity to stand trial. *State ex rel. Haskins v. Dodge County Court, supra*; Wis.Stats. § 971.14 (1975). Finally, psychiatric diagnosis satisfies the general test for admissibility of scientific evidence since it is "sufficiently established to have gained general acceptance in the particular field to which it belongs." *Frye v. United States,* 54 App.D.C. 46, 47, 293 F. 1013, 1014 (1923). *See also Watson v. State,* 64 Wis.2d 264, 272–74, 219 N.W.2d 398, 402–03 (1974); *State v. Stanislawski,* 62 Wis.2d 730, 736–41, 216 N.W.2d 8, 11–13 (1974). Thus, we find that psychiatric testimony is generally considered competent evidence in Wisconsin.

### C. State Justifications.

 While the right of a defendant to present relevant and competent evidence is not absolute and may "bow to accommodate other legitimate interests in the criminal trial process," the Supreme Court in *Chambers v. Mississippi, supra,* required that any competing interest be "closely examined." 410 U.S. at 295, 93 S.Ct. [1038] at 1046. Thus, our third step is to determine whether Wisconsin's justifications for excluding psychiatric testimony on the issue of specific intent withstand close scrutiny.

 The State has suggested two main justifications for the rule excluding psychiatric testimony on the issue of intent.[20] The first, as noted above, is the fear that admitting psychiatric testimony to disprove specific intent may cause judges and juries to find legally sane defendants not guilty and, consequently, "guilty" persons will be absolved of criminal responsibility for mental abnormalities not amounting to insanity.[21] Whatever validity this argument might have when a finding of no intent would result in no criminal responsibility, it is unpersuasive in the present case where the testimony was offered only to show that a second-degree murder conviction was proper. We expressly leave open the question of whether the State's fear of the "guilty" going free is sufficient justification for excluding psychiatric testimony on the issue of capacity to form intent when there is no lesser included crime of which, absent specific intent, a defendant would be guilty.[22]

 The second justification for excluding psychiatric testimony on the question of the degree of intent is that the

---

contention that an abnormal mental condition, for which he was in no way responsible, negated his capacity to form a particular specific intent, even though the condition did not exonerate him from all criminal responsibility.

20. *See* Wisconsin Note, *supra* note 6 at 631–39.

21. *See State v. Hebard, supra* note 3, 50 Wis.2d at 418–19, 184 N.W.2d at 162. The *Hebard* opinion makes clear that despite its label of "*not guilty* by reason of mental disease or defect," a finding of legal insanity in Wisconsin actually means "*guilty* but excused." *Id.* at 420, 184 N.W.2d at 163. By confining this "diminished responsibility" status to those legally insane, Wisconsin can ensure that those defendants are subject to some form of com-

mitment. Wis.Stat. § 971.17 (1975). The obvious difficulty is that the defendant is found guilty of first-degree murder without being given a full opportunity to disprove the specific intent element of the crime.

22. *See, e. g. People v. Noah,* 5 Cal.3d 469, 96 Cal.Rptr. 441, 446–47, 477–78, 487 P.2d 1009, 1014–15 (1971) (psychiatric testimony may disprove specific intent only); *Schwickrath v. People,* 159 Colo. 390, 411 P.2d 961 (1966) (same); Colo.Rev.Stat. § 18–1–803 (1975) (same); *but see* Arenella, *supra* note 8 at 832 n. 25 (psychiatric explanations of diminished capacity should apply equally to disprove specific intent and general intent).

exclusion ensures the integrity of Wisconsin's bifurcated trial system. However, confining ourselves to the facts of this case, the petitioner withdrew his plea of not guilty by reason of mental disease or defect and, consequently, there was no second trial of that issue. Thus, the State's concern that admission of psychiatric testimony during the guilt portion of trial would result in duplication of evidence and eliminate the need for a bifurcated trial, *State v. Hebard, supra*, note 3, 50 Wis.2d at 421–22, 184 N.W.2d at 163–64, is not applicable here. Also not involved is the fear that the petitioner's fifth amendment rights would be jeopardized if incriminating statements given during a pre-trial psychiatric examination were used by the prosecution at the guilt phase of trial. *State ex rel. LaFollette v. Raskin, supra* note 6, 34 Wis.2d at 623, 150 N.W.2d at 326. In this case, petitioner admitted the act and argued only that he did not have the requisite specific intent for first-degree murder.

## V.

Having found that petitioner's rights were violated, we must address the State's final argument that any error which occurred was harmless and a new trial is unnecessary.[23] The State maintains that petitioner's offer of proof at trial, that petitioner was an "antisocial personality or a psychopath," does not describe a mental abnormality which would render him incapable of forming specific intent to kill. Also, the State points to the petitioner's actions and statements the night of the crime as overwhelming proof of his specific intent.

█ To accept the State's argument, we must find the error to be harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705

(1967). We are not prepared to say, as a matter of law, that the psychiatric testimony offered could not have proven that the petitioner was incapable of forming specific intent. *See Henderson v. Morgan,* 426 U.S. 637, 647, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).[24]

## VI.

█ In conclusion, we emphasize first what we have not done. We have not sought to impose a "diminished responsibility" defense for emotional problems upon Wisconsin. The fashioning of such affirmative defenses involves the type of "subtle balancing of society's interests against those of the accused [which has] been left to the legislative branch." *Patterson v. New York, supra* 432 U.S. at 210, 97 S.Ct. at 2327. Nor have we attempted to further "constitutionalize" the law of evidence by constructing a constitutional right to introduce psychiatric testimony. *See Chambers v. Mississippi, supra* 410 U.S. at 308, 93 U.S. 1038 (Rehnquist, J., dissenting). What we have done is to recognize that a state may not relieve the prosecution of its duty to prove all elements of the crime charged beyond a reasonable doubt by improper use of presumptions. We have also recognized the due process right of the defendant to present relevant and competent evidence in the absence of a valid state justification for excluding such evidence. Upon the particular facts of this case, we find Wisconsin's justifications to be inapplicable.

For the reasons stated above, the order of the district court is affirmed.

AFFIRMED.

---

**23.** The State confines its harmless error argument to the assumption that only the right to present evidence was violated. It does not claim that setting up a conclusive presumption, as discussed in Part III *supra*, was harmless error.

**24.** We note that if, after a hearing, the state trial judge is convinced that the particular psychiatric testimony to be offered to negate spe-

cific intent is not "grounded in sufficient scientific support to warrant use in the courtroom," then it may be permissible to exclude that evidence. *United States v. Brawner, supra* at 1002 & n. 75. *See also United States v. Bennett,* 539 F.2d 45, 53 (10th Cir. 1976) (vague scientific reasons offered as justification may be rejected); *United States v. Demma, supra* at 986.