STATE OF HAWAII, Plaintiff-Appellee, *v.* NICHOLAS PIMENTEL, also known as Nicholas Jaime Delgado, Jaime Nicholas Delgado and Nick, Defendant-Appellant

NO. 7075

NOVEMBER 14, 1979

RICHARDSON, C.J., OGATA, MENOR, JJ.,
RETIRED JUSTICE KOBAYASHI AND CIRCUIT
JUDGE LUM ASSIGNED BY REASON OF VACANCIES

*Per Curiam*. Defendant-appellant, Nicholas Pimental (hereinafter appellant), was charged in an indictment with the commission of two counts of promoting a dangerous drug in the second degree, in that he knowingly distributed on two separate days the dangerous drug heroin in violation of HRS § 712-1242(1) (c) (1976).[1] Upon his plea of not guilty, he was tried before a jury. At the conclusion of the testimony, the trial judge gave an instruction to the jury, over the objection of appellant's counsel, in language as follows:

In this case the defendant is charged with two counts of the criminal offense of Promoting a Dangerous Drug in the Second Degree.

A person commits the offense of Promoting a Dangerous Drug in the Second Degree if he knowingly distributes heroin.

There are three material elements in each of these offenses which must be proven by the Prosecution beyond a reasonable doubt. If it has done so, you are to convict, and if it has not done so, you are to acquit. The three material elements are:

1. Was the substance involved heroin?

2. Did the defendant distribute the heroin? To distribute means to sell, transfer, give or deliver to another.

3. Did the defendant know that the substance which he distributed was heroin? If the substance distributed is

---

[1] HRS § 712-1242 (1976) states:

Promoting a dangerous drug in the second degree.

(1) A person commits the offense of promoting a dangerous drug in the second degree if he *knowingly:*

(a) Possesses fifty or more capsules, tablets, ampules, or syrettes, containing one or more dangerous drugs; or

(b) Possesses one or more preparations, compounds, mixtures, or substances of an aggregate weight of:

(i) One-eighth ounce or more, containing any of the respective alkaloids or salts of heroin, morphine, or cocaine; or

(ii) One-half ounce or more, containing any dangerous drug; or

(c) Distributes any dangerous drug in any amount.

(2) Promoting a dangerous drug in the second degree is a class B felony. [Emphasis added.]

proven to be heroin, such a finding is sufficient for the jury to find that the defendant knew the character and nature of the substance which he distributed.

The above-quoted instruction was offered by the State and was given to the jury as State's Instruction No. 1. The appellant objected to the last sentence of the final paragraph of the instruction on two grounds. First, the jury was allowed to impute appellant's knowledge solely· on the basis of a chemical analysis of the substance showing it to be heroin. Second, the wording of the instruction was ambiguous in that the jury could have believed that it. must find that if the substance distributed was heroin, then the appellant knew it was heroin. There was no clear indication in State's Instruction No. 1, or in any other instruction given to the jury, that such a finding was permissive, not mandatory.

On April 18, 1978, the jury found the appellant guilty of both counts of promoting a dangerous drug, and he was sentenced to two ten year concurrent prison sentences and the payment of restitution. We reverse.

The issue upon appeal is whether the State's Instruction No. 1, could have been interpreted by a reasonable juror to allow appellant's knowledge to be inferred from proof of the nature of the substance, or whether the instruction impermissibly shifted the burden of proof of a material element of the offense to the appellant, thereby depriving him of due process of law in his conviction.

The Hawaii Penal Code in HRS § 702-204 (1976) provides that "a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense." The code then defines each of these states of mind in HRS § 702-206 (1976), and "knowingly" is defined as:

(2) "Knowingly."

(a) A person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.

(b) A person acts knowingly with respect to attendant circumstances when he is aware that such circumstances exist.

(c) A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

The appellant's knowledge that the substance he distributed was heroin was a material element of the crime of Promoting a Dangerous Drug in the Second Degree. HRS § 712-1242(1) (c) (1976). As the Due Process Clause of the Fourteenth Amendment requires that the state prove every element of a criminal offense beyond a reasonable doubt, the state in the instant case bore the burden of so proving the appellant's knowledge. *Sandstrom v. Montana,* 99 S.Ct. 2450, 2457 (1979); *Taylor v. Kentucky,* 436 U.S. 478, 485-86 (1978); *Moore v. United States,* 429 U.S. 20, 22 (1976); *Mullaney v. Wilbur,* 421 U.S. 684, 701 (1975); *In Re Winship,* 397 U.S. 358, 364 (1970); *Hughes v. Mathews,* 576 F.2d 1250, 1255 (7th Cir. 1978); *State v. Napeahi,* 57 Haw. 365, 377, 556 P.2d 569, 577 (1976).

In our opinion, State's Instruction No. 1 required the jury to find the appellant knew the substance was heroin upon a showing by the prosecution that chemical analysis proved it to be heroin. The burden of proof then shifted to the appellant to show that he had no knowledge that the substance involved was heroin. The state was not forced to prove beyond a reasonable doubt every element of the crime of Promoting a Dangerous Drug in the Second Degree. This violated the appellant's due process right to proof beyond a reasonable doubt of the crime charged. *Sandstrom v. Montana, supra* at 2459; *Patterson v. New York,* 432 U.S. 197, 215 (1977); *Mullaney v. Wilbur, supra* at 701; *State v. Brighter,* 61 Haw. 99, 111, 595 P.2d 1072, 1080 (1979).

Further, State's Instruction No. 1 was deficient in that it did not clearly indicate to the jury that any inference which could have been drawn by it was merely permissive. The jurors could have thought that they were required to find knowledge in the absence of defense evidence negating such knowledge. "[T]he jury should have been given a clarifying instruction to the effect that it *could* — but was not *required* to — find the element of knowledge upon proof of the underlying

facts." *State v. Brighter, supra* at 111, 595 P.2d at 1080 (original emphasis).

The burden-shifting effect of State's Instruction No. 1, coupled with the lack of a clarifying instruction concerning the permissive nature of the inference contained therein, "so infected the entire trial that appellant's resulting conviction does not comport with due process." *State v. Brighter, supra* at 111-12, 595 P.2d at 1080.

Reversed and remanded for a new trial not inconsistent with this opinion.

*Rodney Maile*, Deputy Public Defender (on the briefs), for Defendant-Appellant.

*Lawrence White*, Deputy Prosecuting Attorney (on the brief), for Plaintiff-Appellee.