544

STATE OF HAWAII, Plaintiff-Appellee, *v*. EUGENE
    JOSEPH FABIO, Defendant-Appellant, and JANINE
    CHRISTINE SYKES and REX FRANCIS LUKINICH,
    Defendants

NO. 7468

JANUARY 14, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Appellant Eugene Fabio appeals his conviction for promoting a dangerous drug in the second degree, *Hawaii Revised Statutes* (HRS) § 712-1242(1)(c) on the ground that the lower court erred in giving the following instruction to the jury:

> If you are convinced beyond a reasonable doubt that Defendant distributed the substance. proven to be cocaine, the fact that they distributed the cocaine is sufficient for you to find that they knew the substance was cocaine.

He contends the instruction could have been interpreted by the jury as relieving the government of its burden of proving every element of the crime beyond a reasonable doubt thereby violating his right to due process, whereas the instruction should have clearly and expressly stated that the finding that the substance was cocaine permitted but did not

 

require the *inference* of knowledge of the nature of the substance.

We agree and reverse.

Appellant's knowledge that the substance he distributed was cocaine constituted a material element of the crime of promoting a dangerous drug in the second degree, HRS § 712-1242(1)(c) (1976); *State v. Pimentel*, 61 Haw. 308, 309, 603 P.2d 141, 142 (1979), which the State was required to prove beyond a reasonable doubt. *Id.* (collecting cases).

Our decision in this case is controlled by *State v. Pimentel, supra*, where our Supreme Court reversed a conviction for promoting a dangerous drug in the second degree on the ground that a jury instruction nearly identical to that at bar relieved the prosecution of its burden of proof. In *Pimentel*, the jury was instructed:

> If the substance distributed is proven to be heroin, such a finding is sufficient for the jury to find that the defendant knew the character and nature of the substance which he distributed.

61 Haw. at 309-310.

The court there found that the instruction "required the jury to find the appellant knew the substance was heroin upon a showing by the prosecution that chemical analysis proved it to be heroin," and thereby shifted the burden of proof "to the appellant to show that he had knowledge that the substance involved was heroin." *Id.* at 311.

Moreover, the court found the instruction to be "deficient in that it did not clearly indicate to the jury that any inference which could have been drawn by it was merely permissive." *Id.* Quoting *State v. Brighter*, 61 Haw. 99, 111, 595 P.2d 1072, 1080 (1979), the *Pimentel* court stated "[t]he jury should have been given a clarifying instruction to the effect that it *could* — but was not *required* to — find the element of knowledge upon proof of the underlying facts." *Id.* at 311-312.

Similarly, the instruction in the present case could have been interpreted by the jury to mandate a finding by them that appellant knew the nature of the substance he distributed once it was proven to be cocaine. Thus, "The burden-shifting

effect of [the State's Instruction No. 1] coupled with the lack of a clarifying instruction concerning the permissive nature of the inference contained therein, 'so infected the entire trial that appellant's resulting conviction does not comport with due process.' " *Id.* at 312. (Quoting *State v. Brighter, supra,* 111-12, 595 P.2d at 1080.)

Reversed and remanded for proceedings consistent with this opinion.

*Richard W. Pollack (Pamela Matsukawa* on the reply brief), Deputy Public Defender, for appellant.

*Faye M. Koyanagi,* Deputy Prosecuting Attorney, for appellee.