STATE OF HAWAII, Plaintiff-Appellee, *v.* LOIS P. TIEDEMANN, Defendant-Appellant

NO. 13953

(CRIMINAL NO. 87-1618)

APRIL 27, 1990

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

In a jury trial, defendant-appellant Lois P. Tiedemann (Defendant) was found guilty of driving under the influence of intoxicating liquor (DUI) in violation of Hawaii Revised Statutes (HRS) § 291-4(a)(l) and -4(a)(2) (1985).[1] On appeal, Defendant contends that the trial court reversibly erred on several grounds with respect to jury instructions and the admission of evidence. We hold that the court's instruction dealing with the statutory inference in HRS § 291-5(a) was prejudicially inadequate and constituted plain error. We therefore vacate the judgment of conviction and remand for a new trial.

I.

On September 5, 1987, Honolulu police officers responded to a report of a traffic accident at the intersection of Ala Wai Boulevard and Kalaimoku Street. Arriving at the scene at about 4:30 a.m., police officer Rosalie Ortiz (Officer Ortiz) saw a Toyota van in the Ala Wai Canal and Defendant lying on a bench with a blanket draped over her. Officer Ortiz spoke to Defendant who identified herself as the driver of the van and explained how the wheels of the van locked and the van ended in the canal. The officer smelled liquor on Defendant's breath and observed that Defendant's eyes were red and her speech slurred. Upon Defendant's failure to properly perform the field sobriety tests, Officer Ortiz arrested Defendant for DUI at about 5:10 a.m.

At the Honolulu Police Station, Defendant consented to and was administered an Intoxilyzer breath test at 6:15 a.m. The test result indicated a blood alcohol concentration of 0.151 percent.

---

[1]Hawaii Revised Statutes (HRS) § 291-4(a) (1985) provides as follows:

**Driving under influence of intoxicating liquor.** (a) A person commits the offense of driving under the influence of intoxicating liquor if:

(1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor; or

(2) The person operates or assumes actual physical control of the operation of any vehicle with 0.10 per cent or more, by weight of alcohol in the person's blood.

The complaint charged Defendant with two counts of DUI. Count I charged Defendant with operating a vehicle while under the influence of intoxicating liquor (HRS § 291-4(a)(l)), while Count II charged her with operating a vehicle with 0.10 percent or more, by weight of alcohol in her blood (HRS § 291-4(a)(2)).[2] The jury convicted Defendant on both counts.

## II.

With respect to Count II, the trial court, without any objection from Defendant, instructed the jury as follows:

> In any criminal prosecution for driving — for a violation of driving under the influence, ten-hundredths percent or more by weight of alcohol in the defendant's blood would within three hours after the time of the alleged violation as shown by chemical analysis or other approved analytical techniques of the defendant's blood or breath shall be competent evidence that the defendant was under the influence of intoxicating liquor at the time of the alleged violation.

June 7, 1989 Transcript at 142.

Defendant contends that although the instruction tracks the language of HRS § 291-5(a) (1985), the trial court committed plain error in failing to instruct the jury regarding the inference contained therein. We agree.

HRS § 291-5(a)[3] provides that a blood alcohol level of 0.10 percent or more "in the defendant's blood within three hours after the

---

[2]In *State v. Grindles,* 70 Haw. 528, 531, 777 P.2d 1187, 1190 (1989) (footnote omitted), which was decided a month after the conviction in this case, the supreme court held that HRS § 291-4(a) constitutes one offense and that subsections 4(a)(1) and 4(a)(2) are "two alternative means of proving the single offense of driving while under the influence of intoxicating liquor."

[3]HRS § 291-5(a) (1985) reads in its entirety as follows:

**Evidence of intoxication.**   (a) In any criminal prosecution for a violation of section 291-4, ten-hundredths per cent or more by weight of alcohol in the defendant's blood within three hours after the time of the alleged violation as shown by chemical analysis or other approved analytical techniques of the defendant's blood or breath shall be competent evidence that the defendant was under the influence of intoxicating liquor at the time of the alleged violation.

time of the alleged violation ... *shall be competent evidence* that the defendant was under the influence of intoxicating liquor *at the time of the alleged offense.*" (Emphasis added.) In *State v. Wetzel,* 7 Haw. App. ___, 782 P.2d 891 (1989), we stated that the legislature enacted HRS § 291-5(a) to facilitate proving DUI under HRS § 291-4(a)(2). We held that by the use of the term "competent evidence," the legislature created a statutory inference. In other words, from the proved underlying fact that the defendant's blood alcohol level was 0.10 percent or more within three hours after the defendant's alleged DUI offense, there is an inference that the defendant was under the influence of intoxicating liquor (or his blood alcohol level was 0.10 percent or more) at the time of the alleged offense (while operating a vehicle). However, we held that "HRS § 291-5(a) provides for a *permissible* inference." *Id.* at ___, 782 P.2d at 896 (emphasis added).

Hawaii Rules of Evidence (HRE) Rule 306(a)(3) provides that "[w]henever a presumption against the accused is submitted to the jury, the court shall instruct the jury that, if it finds the facts beyond a reasonable doubt, *it may infer the presumed fact but is not required to do so.*" (Emphasis added.) We have used the terms "permissible presumption" and "inference" interchangeably. *State v. Arakaki,* 7 Haw. App. 48, 51-52 n.5, 744 P.2d 783, 785 n.5 (1987). *State v. Pimental,* 61 Haw. 308, 311, 603 P.2d 141, 143 (1979), places the onus on the trial court to clearly instruct the jury "that any inference which could have been drawn by it was merely permissive."

Here, the trial court only read to the jury, almost verbatim, the provisions of HRS § 291-5(a). It failed to instruct the jurors that if they found from the evidence that Defendant's blood alcohol level was 0.10 percent or more within three hours from the time she drove the van, they could, but were not required to, infer therefrom that she was under the influence of intoxicating liquor when she was operating the van. Without such instruction, the jurors could have thought that, because the proved underlying fact was "competent evidence," they were required to infer therefrom that Defendant was under the influence of intoxicating liquor while driving.

The State of Hawaii counters that Defendant consented to the giving of the instruction in question and did not request further clarifying instructions. Therefore, the State asserts that Hawaii

The complaint charged Defendant with two counts of DUI. Count I charged Defendant with operating a vehicle while under the influence of intoxicating liquor (HRS § 291-4(a)(l)), while Count II charged her with operating a vehicle with 0.10 percent or more, by weight of alcohol in her blood (HRS § 291-4(a)(2)).[2] The jury convicted Defendant on both counts.

II.

With respect to Count II, the trial court, without any objection from Defendant, instructed the jury as follows:

> In any criminal prosecution for driving — for a violation of driving under the influence, ten-hundredths percent or more by weight of alcohol in the defendant's blood would within three hours after the time of the alleged violation as shown by chemical analysis or other approved analytical techniques of the defendant's blood or breath shall be competent evidence that the defendant was under the influence of intoxicating liquor at the time of the alleged violation.

June 7, 1989 Transcript at 142.

Defendant contends that although the instruction tracks the language of HRS § 291-5(a) (1985), the trial court committed plain error in failing to instruct the jury regarding the inference contained therein. We agree.

HRS § 291-5(a)[3] provides that a blood alcohol level of 0.10 percent or more "in the defendant's blood within three hours after the

---

[2]In *State v. Grindles,* 70 Haw. 528, 531, 777 P.2d 1187, 1190 (1989) (footnote omitted), which was decided a month after the conviction in this case, the supreme court held that HRS § 291-4(a) constitutes one offense and that subsections 4(a)(1) and 4(a)(2) are "two alternative means of proving the single offense of driving while under the influence of intoxicating liquor."

[3]HRS § 291-5(a) (1985) reads in its entirety as follows:

**Evidence of intoxication.** (a) In any criminal prosecution for a violation of section 291-4, ten-hundredths per cent or more by weight of alcohol in the defendant's blood within three hours after the time of the alleged violation as shown by chemical analysis or other approved analytical techniques of the defendant's blood or breath shall be competent evidence that the defendant was under the influence of intoxicating liquor at the time of the alleged violation.

time of the alleged violation . . . *shall be competent evidence* that the defendant was under the influence of intoxicating liquor *at the time of the alleged offense.*" (Emphasis added.) In *State v. Wetzel,* 7 Haw. App. ___, 782 P.2d 891 (1989), we stated that the legislature enacted HRS § 291-5(a) to facilitate proving DUI under HRS § 291-4(a)(2). We held that by the use of the term "competent evidence," the legislature created a statutory inference. In other words, from the proved underlying fact that the defendant's blood alcohol level was 0.10 percent or more within three hours after the defendant's alleged DUI offense, there is an inference that the defendant was under the influence of intoxicating liquor (or his blood alcohol level was 0.10 percent or more) at the time of the alleged offense (while operating a vehicle). However, we held that "HRS § 291-5(a) provides for a *permissible* inference." *Id.* at ___, 782 P.2d at 896 (emphasis added).

Hawaii Rules of Evidence (HRE) Rule 306(a)(3) provides that "[w]henever a presumption against the accused is submitted to the jury, the court shall instruct the jury that, if it finds the facts beyond a reasonable doubt, *it may infer the presumed fact but is not required to do so.*" (Emphasis added.) We have used the terms "permissible presumption" and "inference" interchangeably. *State v. Arakaki,* 7 Haw. App. 48, 51-52 n.5, 744 P.2d 783, 785 n.5 (1987). *State v. Pimental,* 61 Haw. 308, 311, 603 P.2d 141, 143 (1979), places the onus on the trial court to clearly instruct the jury "that any inference which could have been drawn by it was merely permissive."

Here, the trial court only read to the jury, almost verbatim, the provisions of HRS § 291-5(a). It failed to instruct the jurors that if they found from the evidence that Defendant's blood alcohol level was 0.10 percent or more within three hours from the time she drove the van, they could, but were not required to, infer therefrom that she was under the influence of intoxicating liquor when she was operating the van. Without such instruction, the jurors could have thought that, because the proved underlying fact was "competent evidence," they were required to infer therefrom that Defendant was under the influence of intoxicating liquor while driving.

The State of Hawaii counters that Defendant consented to the giving of the instruction in question and did not request further clarifying instructions. Therefore, the State asserts that Hawaii

Rules of Penal Procedure (HRPP) Rule 30(e)[4] precludes Defendant from raising this issue. However, plain errors affecting substantial rights "may be noticed although they were not brought to the attention of the [trial] court." HRPP Rule 52(b). *See State v. Grindles,* 70 Haw. 528, 530, 777 P.2d 1187, 1189 (1989); *State v. Fox,* 70 Haw. 46, 55-56, 760 P.2d 670, 675-76 (1988).

Here, the lack of clarifying instructions relating to the statutory inference under HRS § 291-5(a) constituted plain error affecting the substantial rights of Defendant. Therefore, the DUI conviction under HRS § 291-4(a)(2) must be vacated.

### III.

Defendant argues that "it is impossible to determine to what extent the jury relied upon the statutory inference regarding evidence of intoxication to determine [her] guilt under HRS § 291-4(a)(l)[.]" Therefore, she contends that her conviction pursuant to HRS § 291-4(a)(l) is tainted and also must fall. We agree.

### IV.

Accordingly, we vacate the judgment of conviction and remand the case for a new trial.

*Theodore Y.H. Chinn,* Deputy Public Defender *(Richard W. Pollack,* Public Defender, on the brief) for defendant-appellant.

*Caroline M. Mee,* Deputy Prosecuting Attorney, for plaintiff-appellee.

---

[4]Hawaii Rules of Penal Procedure Rule 30(e) provides in part as follows:

No party may assign as error the giving or refusal to give, or the modification of, an instruction . . . unless he objects thereto before the jury retires to consider its verdict[.]